UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRVING MOOREHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV109 RWS |
| | ) |
| NESTLE PURINA PET CARE CO., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before me on plaintiff's motion to amend his complaint to assert only state law claims. This action was removed from state court because plaintiff's complaint included references to federal law and statutes. After review of the motion in light of the relevant standards, see Fed. R. Civ. P. 15(a), I will exercise my discretion and allow plaintiff to amend his complaint.

Plaintiff also seeks to remand this case to state court since his amended complaint asserts only state law claims. Even if, as here, a case is properly removed, the court has discretion to remand an action to state court if the plaintiff removes the federal claims. See Carnegie-Mellon v. Cohill, 484 U.S. 343, 357 (1988); Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., Inc., 77 F.3d 1063, 1067-68 (8th Cir. 1999). When making this determination, the court

balances the interests of "judicial economy, convenience, fairness and comity." Grain Land Coop v. Kar Kim Farms, Inc., 199 F.3d 983, 993 (8th Cir. 1999). Federal courts usually find that the balance of interests "will point toward declining to exercise jurisdiction over the remaining state law claims." In re Canadian Import Antitrust Litig., 470 F.3d 785, 792 (8th Cir. 2006). After careful consideration in light of these relevant factors, I will decline to exercise jurisdiction over this case. This case was only recently removed, and I have not even held an initial scheduling conference yet. It does not appear that either party will be significantly inconvenienced by a remand. Finally, under these circumstances, I believe that having a Missouri court decide issues of Missouri law will promote justice and comity given the state court's superior knowledge and familiarity with Missouri law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to amend the complaint [#12] is granted, and plaintiff's amended complaint is deemed filed as of this date.

**IT IS FURTHER ORDERED** that plaintiff's motion for remand [#14] is granted, and this case is remanded to the Circuit Court of St. Louis City, Missouri.

**IT IS FURTHER ORDERED** that defendant's to dismiss [#9] is denied without prejudice as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2008.